# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CINDY S. VANOVER,                      )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          No. 11-1169-SSA-CV-W-MJW
                                       )
MICHAEL J. ASTRUE, Commissioner,       )
Social Security Administration,        )
                                       )
                    Defendant.         )

## ORDER

Plaintiff Cindy S. Vanover seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on January 24, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

### Discussion

Here the administrative law judge (ALJ) found that plaintiff had the following severe impairments: status post carpal tunnel and ulnar tunnel release; sleep apnea; mild degenerative joint disease of the lumbar spine; COPD, but continues to smoke cigarettes; and generalized body pain. The ALJ determined that plaintiff had a residual functional capacity (RFC) to perform light work. Based on this RFC and testimony from a vocational expert, the ALJ determined that plaintiff could do her past relevant work as a pharmacy technician and could also do other jobs which exist in significant numbers in the national economy. The ALJ, therefore, determined plaintiff had not been under disability as defined in the Social Security Act at any time through the date of the ALJ's decision on August 17, 2010.

Plaintiff argues the ALJ erred in weight given to the medical opinions of record, improperly determined plaintiff's RFC, and improperly determined plaintiff could do her past relevant work. Plaintiff further argues the ALJ's decision is not supported by substantial evidence in the record.

After consideration of the parties' arguments and a review of the record, this Court finds the ALJ's decision is supported by substantial evidence in the record.[2]

The ALJ did not err in weight given to the medical opinions. Plaintiff claims the ALJ should have given more weight to the opinion of Dr. Scowley, and should have given less, if any, weight to the opinions of Drs. Trowbridge, Danushkodi, and Winkler. Although the ALJ should have not stated that he gave "controlling" weight to the opinion of Dr. Winkler, the ALJ properly accorded that opinion significant weight in assessing plaintiff's RFC. The ALJ's evaluation of medical opinion evidence was otherwise consistent with Social Security Act guidance regulations and supported by substantial evidence of record.

Although a treating physician's opinion concerning an applicant's functional limitations is generally entitled to substantial weight, "[a] treating physician's opinion does not automatically control or obviate the need to evaluate the record as a whole." Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004) (internal quotation omitted). Controlling weight may be given *only* in appropriate circumstances, and may not be given unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is "not inconsistent" with the other substantial evidence in the case record. See SSR 96-2p. An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions. See Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010).

Here the ALJ gave valid reasons for the "little weight" given to the opinion of Dr. Scowley, plaintiff's treating physician. The ALJ noted that Dr. Scowley's opinion was not supported by medically acceptable, clinical and laboratory diagnostic techniques. The ALJ further noted Dr. Scowley's opinion as to plaintiff's diagnosis and functional limitations appeared to be based on plaintiff's subjective complaints. Moreover, Dr. Scowley's treatment notes were noted as inconsistent with the significant limitations he opined. A conclusory statement of disability based on a claimant's subjective complaints is entitled to little weight

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

when unsupported by objective medical evidence.  See Brown v. Chater, 87 F.3d 963, 964-65 (8th Cir. 1996).

The ALJ did not err in the weight given to the opinions of examining physicians, Dr. Danushkodi and Dr. Winkler, and nonexamining physician, Dr. Trowbridge.  "It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment."  Harris v. Barnhart, 356 F.3d 926, 931 (8th Cir. 2004).  The regulations specifically provide that the opinions of nontreating physicians may be considered.  20 C.F.R. § 404.1527(e).  Having determined that Dr. Scowley's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians.  Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006).  See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007).  Here the ALJ reviewed the evidence in the record, determined the opinions of the consulting physicians were consistent with the totality of the evidence in the record, and therefore, afforded those opinions substantial weight.  The Court finds no basis for concluding the ALJ committed reversible error by giving undue weight to the opinions of the consulting physicians.

As for the ALJ's statement that "controlling weight" was improperly given to a nonexamining, nontreating source, this statement, taken alone, fails to support reversal or remand.  While plaintiff is correct in stating the regulations provide that only a treating physician's opinion may be afforded "controlling weight," 20 C.F.R. § 404.1527, this Court believes this was a semantic error only.  The ALJ may properly give more weight to the opinion of a nontreating, nonexamining physician than to that of a treating physician, if the circumstances warrant.  See SSR 96-2p (opinions from sources other than treating sources can never be entitled to "controlling weight," but they "may be entitled to great weight, and may even be entitled to more weight than a treating source's opinion in appropriate circumstances").  The record supports that the ALJ was properly giving the opinion of Dr. Winkler, a rheumatologist specialist who reviewed all the medical evidence of record, "great weight," rather than "controlling weight."

The ALJ did not err in determining plaintiff's RFC.  Contrary to the argument of the plaintiff, the ALJ is not required to rely on one particular medical opinion in assessing the RFC.  Rather, the ALJ's job is to formulate an RFC based on all the relevant credible evidence of

4

record.  "[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."  Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011).

The ALJ did not err in failing to consider a vocational assessment conducted by Ideal Employment Services, which plaintiff argues provides "substantial evidence" showing that "[p]laintiff cannot do more than even 4 hours a day of work on a consistent basis."  The assessment was given by someone at Ideal Employment Services who has unknown, if any, credentials and is not entitled to weight.  An ALJ may use evidence from "other sources," such as rehabilitation counselors, to show how an individual's impairments affect her ability to function, but has no obligation to give weight to or discuss this evidence in the written decision. See SSR 06-03p.

The ALJ did not err in determing that plaintiff could perform her past work and other jobs that existed in significant numbers in the national economy and, therefore, was not disabled. The ALJ properly relied on the opinion of the vocational expert who testified at the hearing.  A vocational expert is a specialist in employment and vocational factors that influence employment.  See Nelson v. Sullivan, 946 F.2d 1314, 1317 (8th Cir. 1991).  Accordingly, the vocational expert's opinion that a pharmacy technician would be consistent with plaintiff's RFC was properly relied upon by the ALJ.

Furthermore, regardless of whether the ALJ's finding that plaintiff could do past relevant work is supported by substantial evidence, the ALJ made an alternative step-five finding that plaintiff could perform other work that exists in substantial number in the national economy.

### Conclusion

For the reasons set forth above, this Court finds there is substantial evidence in the record to support the finding of the ALJ that plaintiff was not under disability as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 12th day of February, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge